Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

TODD W. CRAIN,
)
 No. 08-02-00103-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court

)


THE STATE OF TEXAS,
)
 of Ector County, Texas

)


 Appellee.
)
 (TC# 01-3785)


MEMORANDUM OPINION



 Todd W. Crain appeals his conviction for driving while intoxicated. Appellant waived his
right to a jury trial and entered a negotiated plea of no contest. The trial court assessed punishment
in accordance with the plea bargain at a fine of $350 and confinement for six months. The court
suspended the imposition of sentence and placed Appellant on community supervision for nine
months. We affirm.

FACTUAL SUMMARY


 While on patrol on August 12, 2001 at approximately 2 a.m., Officer Darrell Fowler of the
Odessa Police Department observed a pickup veer sharply from one lane to another and then return
to its original lane. He also noticed that the pickup had a cracked taillight. Fowler activated his
overhead lights and stopped the pickup for failure to maintain a single lane and for having a cracked
taillight. Fowler subsequently arrested Appellant for driving while intoxicated.

 Appellant filed a motion to suppress evidence based upon his assertion that the arresting
officer lacked probable cause to make the initial stop. Officer Fowler testified at the suppression
hearing regarding the two traffic offenses. He admitted that Appellant's lane change was not unsafe
or made unsafely and he could not recall whether any red light shone through the cracked taillight. 
In reviewing the videotape of the traffic stop, he stated that he could see only white light. Appellant
testified at the hearing regarding the cracked taillight. He had cracked the lens a few days earlier by
backing into a telephone pole. Although half of the lens had been broken off, he believed that there
should have been some red light visible, but he stopped short of stating that red light was actually
visible. At the conclusion of the hearing, the trial judge found that sufficient evidence existed to
support the stop and he denied the motion to suppress. He additionally commented that his ruling
would not preclude Appellant from raising a factual issue before the jury as to whether red light
emitted from the taillight. Appellant later entered his plea of no contest.

EXISTENCE OF PROBABLE CAUSE


 Raising two issues for review, Appellant contends that the trial court erred in denying his
motion to suppress. In Issue One, he asserts that the trial court erroneously concluded that a fact
issue existed with respect to the cracked taillight traffic offense. In Issue Two, he generally
challenges the trial court's ruling on the motion to suppress.

 We review a trial court's ruling on a motion to suppress based upon an alleged lack of
probable cause or reasonable suspicion using the bifurcated standard of review articulated in Guzman
v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997). See Carmouche v. State, 10 S.W.3d 323, 327
(Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, no pet.). Under
this standard, we afford almost total deference to the trial court's express or implied determination
of historical facts and review de novo the court's application of the law pertaining to search and
seizure to those facts. State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); Carmouche, 10
S.W.3d at 327; Krug, 86 S.W.3d at 765. As there were no explicit findings of historical facts by the
trial court, the evidence must be viewed in a light most favorable to the trial court's ruling. 
Carmouche, 10 S.W.3d at 327. 

 When a traffic violation is committed within an officer's view, the officer may lawfully stop
and detain the person for the traffic violation. Tex.Code Crim.Proc.Ann. art. 14.01(b)(Vernon
1977); Tex. Transp. Code Ann. §§ 543.001 (Vernon 1999); Walter v. State, 28 S.W.3d 538, 542
(Tex.Crim.App. 2000); McVickers v. State, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993). No
additional probable cause or reasonable suspicion is required. See Walter, 28 S.W.3d at 542. 
Probable cause to arrest exists when the facts and circumstances within the knowledge of the
arresting officer, and of which he has reasonably trustworthy information, are sufficient to warrant
a reasonable person to believe that a particular person has committed or is committing a crime. See
Guzman, 955 S.W.2d at 87.

 Subtitle C of Title 7 of the Texas Transportation Code contains the "Rules of the Road"
which govern the conduct of motor vehicle operators. Section 545.060(a), entitled "Driving on
Roadway Laned for Traffic," provides as follows:

 (a) An operator on a roadway divided into two or more clearly marked lanes for
traffic:


 (1) shall drive as nearly as practical entirely within a single lane; and

 (2) may not move from the lane unless that movement can be made safely.

Tex.Transp.Code Ann. § 545.060(a). A violation of Section 545.060(a) occurs only when a
vehicle fails to stay within its lane and that movement is not safe or is not made safely. State v.
Cerny, 28 S.W.3d 796, 800 (Tex.App.--Corpus Christi 2000, no pet.); Hernandez v. State, 983
S.W.2d 867, 871 (Tex.App.--Austin 1998, pet. ref'd); see also Aviles v. State, 23 S.W.3d 74, 77
(Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). The issue before us in this appeal is not one of
actual guilt, but whether Officer Fowler had probable cause to believe that Appellant had violated
the statute.

 Officer Fowler's testimony clearly established that Appellant failed to keep his vehicle within
his lane. Citing Cerny, Hernandez, and Bass v. State, 64 S.W.3d 646 (Tex.App.--Texarkana 2001,
pet. ref'd), Appellant argues that the State did not offer any evidence proving the second element,
namely, that the movement was unsafe or not made safely. In Cerny, the Corpus Christi Court of
Appeals held that a police officer lacked reasonable suspicion to stop the defendant for failure to
maintain a single lane of traffic where the defendant was weaving somewhat within his own lane of
traffic and he drove on the shoulder, but there was no evidence that his actions were unsafe. Cerny,
28 S.W.3d at 801. Similarly, in Hernandez, the Austin Court of Appeals determined that a single
instance of crossing a traffic dividing line by eighteen to twenty-four inches into another lane of
traffic traveling the same direction did not give a police officer a reasonable basis for suspecting that
the defendant had violated Section 545.060(a) absent a showing that the defendant's movement was
unsafe or dangerous. Hernandez, 983 S.W.2d at 871. Finally, in Bass, the Texarkana Court of
Appeals held that a police officer did not have a reasonable suspicion that the defendant violated this
statute because the officer testified that the movement of the vehicle did not come close to causing
an accident and it was not unsafe in any manner. Bass, 64 S.W.3d at 651.

 Although the instant case does not involve a mere drifting over a few inches or feet but rather
a sharp veering of the car from one lane into another lane and back again, the facts are otherwise
similar to Cerny, Hernandez, and Bass. As in those cases, Officer Fowler specifically testified that
there was nothing unsafe about the movement of Appellant's vehicle. In light of this testimony and
in the absence of any other evidence that the movement of the vehicle was unsafe to Appellant or
anyone else, Officer Fowler lacked probable cause to stop Appellant for a violation of Section
545.060(a). (1)

Cracked Taillight


 Officer Fowler stopped Appellant's vehicle for a second traffic offense, driving a vehicle
with a broken taillight in violation of Section 547.322 of the Texas Transportation Code. This
section requires a vehicle to be equipped with at least two taillights which emit a red light plainly
visible at a distance of 1,000 feet from the rear of the vehicle. Tex.Transp.Code Ann. § 547.322. 
No traffic violation occurs if a fracture in a taillight allows white light to emit, so long as the taillight
continues to emit the requisite red light for 1,000 feet. See Vicknair v. State, 751 S.W.2d 180,
189-90 (Tex.Crim.App. 1986)(opinion on reh'g). In Vicknair, the arresting officer testified that the
taillight had a cracked lens so that the lens emitted white light to the rear of the vehicle. Vicknair,
751 S.W.2d at 181. During cross-examination, he stated that red light also emitted from the taillight
and it was visible to him at all times. Id. at 189-90. The Court of Criminal Appeals found that there
was no evidence that the taillight failed to emit a red light as required by the statute. Id. at 189-90.

 The instant case is distinguishable from Vicknair. Officer Fowler initially described the
taillight on the driver's side of the vehicle as being cracked. When asked on cross-examination
whether he meant "cracked" to describe a "tiny, little broken fissure," he stated that the taillight was
"busted out." Review of the videotape supports Fowler's characterization of the taillight as being
"busted out." Although Fowler could not independently recall whether there any red light was
visible, the videotape of the traffic stop depicts only white light emitting from the taillight and
Fowler pointed this out during the hearing. Appellant's testimony created a factual dispute but the
trial court resolved the issue in favor of a probable cause finding. Taking the evidence in the light
most favorable to the trial court's ruling, the court did not err in determining that Fowler had
probable cause to believe that Appellant violated Section 547.322 of the Transportation Code. 
Accordingly, both issues are overruled and the judgment of the trial court is affirmed.



March 20, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 5

McClure, Chew, JJ., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.)(sitting by assignment)


(Do Not Publish)
1. In many other cases involving this same issue, most of the attention is focused upon whether the movement
is unsafe to other motorists or pedestrians. While that is a proper area of focus, a traffic violation would also occur where
the movement is unsafe to the driver who fails to stay in his own lane. It is a matter of common sense that a driver who
veers from his own lane into another lane risks losing control of his own vehicle depending, of course, on the speed he
is traveling, the condition of the road, and other factors too numerous to list. Officer Fowler concluded in this case that
Appellant's movement was not unsafe.