COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IRIS LEOS,                                                      )                  No. 08-04-00324-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 1
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030C17068) 

O P I N I O N

            In this case of shoplifting, Appellant challenges the denial of her motion to suppress. Finding
no error, we affirm the trial court’s judgment.
BACKGROUND
            Officer Matthew Jones was working as a security officer for Dillard’s Department store on
November 10, 2003. He was informed by security camera operator Maria Rodriguez that a theft had
occurred in the women’s department. Rodriguez had been a security camera operator for two and
a half years. She regularly observed the Designer and Modern Department for theft because the
clothes are more expensive than those in other departments. 
            Rodriguez saw Appellant pick out a pair of designer pants and became suspicious when
Appellant began looking around from side to side. Appellant moved behind a rack of clothes known
as a “rounder” and hung the pants on it. She then began working with her hands underneath the
clothing. Although Rodriguez never saw Appellant place the pants inside of The Limited shopping
bag she carried, she described Appellant’s actions as very suspicious. This led her to believe that
Appellant had placed the pants in the bag. At this point, Rodriguez tried to call a sales associate but
no one answered the phone. Appellant never returned the pants to their original rack.
            Rodriguez then observed Appellant go to another area and select a jacket. Appellant tried
on the jacket by the dressing room mirror, returned it to the place she had found it, picked another
jacket, and tried it on as well. A sales associate came to assist her and Appellant purchased the
jacket. Rodriguez phoned Officer Jones and informed him that a customer had paid for a jacket but
had not paid for a pair of pants inside a shopping bag.
            Officer Jones stopped Appellant in the mall parking lot. He asked to see her sales receipt
because he believed she had a pair of pants inside her bag that she had not purchased. Leos
responded, “Oh, yes, I do”; she did not offer the receipt. Officer Jones escorted her into the store’s
security office where he placed her under arrest. He searched The Limited shopping bag and found
plaid pants from Dillard’s. Appellant asked him to please let her go, promised he would never see
her again in the store, and told him she would lose her job. 
            Appellant was convicted by a jury of misdemeanor theft. Prior to trial, she filed a motion to
suppress. The trial court denied the motion and entered the following conclusions of law:
1. Given the scenario of the circumstances as viewed and as related to the police
officer, an investigatory stop was warranted. Specific articulable facts existed and
rational inferences arising from those facts justified the actions undertaken.
 
2. Article 38.21 of the Code of Criminal Procedure permits the use of statements
voluntarily made without compulsion or persuasion. Article 38.22 of the Code of
Criminal Procedure Section 5 does not preclude the admission of statements by the
accused that do not arise from custodial interrogation.

STANDARD OF REVIEW
            In her sole issue for review, Appellant complains that Officer Jones lacked reasonable
suspicion to justify an investigatory detention. We review a trial court’s ruling on a motion to
suppress using the bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85
(Tex.Crim.App. 1997). See Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Krug
v. State, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref’d). In reviewing the trial court’s
decision, we do not engage in our own factual review because at a suppression hearing, the trial
judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given
to their testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); Romero v. State,
800 S.W.2d 539, 543 (Tex.Crim.App. 1990). We give almost total deference to the trial court’s
ruling on questions of historical fact and application-of-law-to-fact questions that turn on an
evaluation of credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App.
2002); Best v. State, 118 S.W.3d 857, 861-62 (Tex.App.--Fort Worth 2003, no pet.). We review de
novo a trial court’s rulings on mixed questions of law and fact if they do not turn on the credibility
and demeanor of witnesses. Johnson, 68 S.W.3d at 652-53.
INVESTIGATORY STOP WARRANTED
             An officer may conduct an investigatory stop or temporary detention if there is reasonable
suspicion to believe a person is engaged in a crime. Ford v. State, 158 S.W.3d 488, 493
(Tex.Crim.App. 2005). Reasonable suspicion exists if the officer has specific articulable facts that,
when combined with rational inferences from those facts, would lead him to reasonably conclude
that a particular person actually is, has been, or soon will be engaged in criminal activity. Id. 
Whether an officer has reasonable suspicion to detain a suspect is reviewed under an objective
standard. Id. We must also consider the totality of circumstances in order to determine whether the
officer had reasonable suspicion to detain a suspect. Id. 
            The articulable facts necessary to establish reasonable suspicion need not solely arise from
a police officer’s observations, but may be supplied from another person. Adams v. Williams, 407
U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)(reasonable suspicion can be based upon
information from officer’s personal observation or from information received by another person);
Brother v. State, 166 S.W.3d 255, 257 (Tex.Crim.App. 2005)(same). A stop based on facts supplied
by an eye-witness citizen and corroborated by the arresting officer do not violate the Fourth
Amendment. Alabama v. White, 496 U.S. 325, 331, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)
(anonymous tip that is sufficiently corroborated does not violate Fourth Amendment); Brother, 166
S.W.3d at 259. Corroboration requires an officer, in light of the circumstances, to confirm enough
facts to reasonably conclude that the information given is reliable and temporary detention is
justified. Brother, 166 S.W.3d at 259 n.5; Pipkin v. State, 114 S.W.3d 649, 654 (Tex.App.--Fort
Worth 2003, no pet.). 
            Here, the articulable facts regarding the theft arose from the observations of Rodriguez which
she relayed to Officer Jones. Rodriguez informed Officer Jones that a theft had occurred. She then
described the suspect as a 25-year-old woman with long loose hair, dressed in a dark suit, and
carrying a shopping bag from The Limited. She told Officer Jones the suspect had paid for a jacket
but had not paid for a pair of brown pants inside the bag. After receiving this information and the
description of the suspect, Officer Jones stopped Appellant. 
            Appellant contends Officer Jones was under the false impression that Rodriguez actually saw
her slip the pants inside the bag. Rodriguez never said she had observed Appellant place the pants
inside the bag and Officer Jones didn’t claim she said so. Rodriguez stated that based upon her
training and experience, she knew a theft had occurred. Appellant was behaving suspiciously by
looking side to side and up. And after she hung the pants on the rack, she began working her hands
underneath the clothing. At that point, Rodriguez suspected that Appellant placed the pants in the
shopping bag. Once Rodriguez developed a reasonable suspicion, she informed Officer Jones that
a theft had occurred and provided a description of the suspect. Officer Jones was able to corroborate
the information by finding a customer who matched the description. He temporarily detained
Appellant to investigate whether the Dillard’s pants were inside The Limited shopping bag. We
conclude that Officer Jones had reasonable suspicion to temporarily detain Appellant.
            Appellant also argues there was no evidence to indicate whether Rodriguez’s testimony was
credible. The trial court is the sole and exclusive trier of fact regarding the weight and credibility
of the witnesses. Ross, 32 S.W.3d at 855; Bradley v. State, 960 S.W.2d 791, 800 (Tex.App.--El Paso
1997, pet. ref’d). The court below determined Rodriguez’s testimony to have been credible and we
must give total deference to its determination.
            We conclude there was reasonable suspicion to believe Appellant had committed theft and
that and her temporary detention was lawful. We find no error in the denial of the motion to
suppress. We overrule the sole issue and affirm the judgment of the trial court.

April 27, 2006                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)