**Gary Steven KRUG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–01–00210–CR.**

Court of Appeals of Texas, El Paso.

Aug. 29, 2002.

Orlando F. Dehoyos, Ozona, for Appellant.

Ori T. White, District Attorney, Ft. Stockton, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Gary Steven Krug appeals from his conviction for driving while intoxicated. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. The trial court found Appellant guilty and assessed his punishment in accordance with the plea bargain at imprisonment for three years. The court suspended the sentence and placed Appellant on community supervision for ten years. On appeal, Appellant challenges the trial court's denial of his motion to suppress. We affirm.

### FACTUAL SUMMARY

Appellant filed a motion to suppress alleging that the deputy who arrested him lacked probable cause. Rather than submitting live testimony at the suppression hearing, the parties stipulated to the following evidence:

On January 28, 2000, Crockett County Deputy Sheriff, TYLER ROY, observed GARY STEVEN KRUG drive a Silver Toyota Station Wagon North on Avenue J, a public roadway in Ozona, Crockett County, Texas, and safely turn his vehicle into the J.B. Miller Mobile Home Park, a private residential area with private driveways. The J.B. Miller Mobile Home Park is located at the 300 block of Avenue J in Ozona, Texas.

According to Deputy Roy, the Defendant, GARY STEVEN KRUG, failed to signal a right hand turn from the public roadway into the private driveway located on the lower level of the mobile home park. Deputy Roy activated his overhead lights on his patrol vehicle and, while in the private driveway, followed the Silver Toyota Station Wagon which safely came to a stop at Defendant's, GARY STEVEN KRUG, mobile home residence located at the North end of the mobile home park. Deputy Roy subsequently arrested the Defendant, GARY STEVEN KRUG, for the offense of Driving While Intoxicated without a warrant for arrest.

At the conclusion of the hearing, the trial court denied the motion to suppress. Appellant subsequently entered a plea of guilty while reserving his right to appeal the ruling on his motion to suppress.

## EXISTENCE OF PROBABLE CAUSE

In his sole issue for review, Appellant contends that the evidence against him was seized as the result of an illegal detention, and therefore, the trial court erred in denying his motion to suppress. The State responds that the initial stop of Appellant is supported by probable cause because he committed a traffic violation.

### Standard of Review

■ We generally review a trial court's ruling on a motion to suppress based upon an alleged lack of probable cause using the bifurcated standard of review articulated in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim.App.1997). *See Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000). Under this standard, we afford almost total deference to the trial court's express or implied determination of historical facts and review *de novo* the court's application of the law pertaining to search and seizure to those facts. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Carmouche,* 10 S.W.3d at 327.

### Traffic Violation

■ When a traffic violation is committed within an officer's view, the officer may lawfully stop and detain the person for the traffic violation. *Walter v. State,* 28 S.W.3d 538, 542 (Tex.Crim.App.2000); *McVickers v. State,* 874 S.W.2d 662, 664 (Tex.Crim.App.1993). Subtitle C of Title 7 of the Texas Transportation Code contains the "Rules of the Road" which govern the conduct of motor vehicle operators. Chapter 545 pertains to turning and signals for stopping and turning. In this case, we are concerned with the interplay of Sections 545.103 and 545.104.

Section 545.103, entitled "Safely Turning" provides:

An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

TEX.TRANSP.CODE ANN. § 545.103 (Vernon 1999).

Section 545.104(a), entitled "Signaling Turns; Use of Turn Signals," provides:

An operator shall use the signal authorized by Section 545.106 to indicate an

intention to turn, change lanes, or start from a parked position.

TEX.TRANSP.CODE ANN. § 545.104(a).

Citing *Trahan v. State*, 16 S.W.3d 146 (Tex.App.-Beaumont 2000, no pet.), Appellant argues that he was not required to use his turn signal because he safely turned from the roadway into a private driveway as required by Section 545.103(a), and did not make a right hand "turn" at an "intersection" as those terms are employed in Sections 545.104(a) and 545.101(a),[1] respectively. In *Trahan*, the defendant was stopped after he exited a freeway without giving a turn signal. During the ensuing detention, the officer discovered that the defendant was in possession of a controlled substance. Trahan filed a motion to suppress the evidence seized as a result of his detention on the ground that the stop of his vehicle was invalid. He argued that his failure to give a turn signal when he exited the freeway did not violate either Section 545.103 or Section 545.104 of the Transportation Code. The State, on the other hand, took the position that the failure to give a turn signal, in and of itself, is a traffic offense. The trial court denied the motion to suppress.

Construing Section 545.104 as applying only to a ninety degree turn at an intersection,[2] the court of appeals found that there was no evidence that Trahan "turned" or changed lanes in order to exit the freeway, and therefore, Section 545.104 did not apply. *Trahan*, 16 S.W.3d at 147. Instead, the court found that Trahan did nothing more than move right or left in the roadway, thereby implicating only Section

545.103. Id. Given the absence of any evidence that Trahan's exit from the freeway was unsafe, the court found that no lawful basis existed for the stop. Id.

We decline to apply *Trahan* for two reasons. First, the stipulated evidence here showed that Appellant failed to signal a right hand turn when he turned his vehicle from the public roadway into the private driveway. Thus, we are not presented with a case where the operator only moved the vehicle to the right or left in the roadway. Second, we disagree with *Trahan* and a subsequent decision in *State v. Zeno*, 44 S.W.3d 709, 712 (Tex.App.-Beaumont 2001, pet. ref'd)[3] to the extent they hold that a turn signal is legally required only when making a ninety degree turn at an intersection of cross streets or when the operator turns to move in the opposite direction when approaching a curve or the crest of a grade. Under this interpretation, a driver would not be required by law to signal an intention to turn from a public roadway into a driveway, alley, or any public or private parking lots and businesses because none of these turns involves turning at an intersection of cross streets. By its plain language, Section 545.104 applies whenever the driver has an "intention to turn." The statute contains no limiting reference to Section 545.101 nor is there any other indication that Section 545.104 applies only to ninety degree turns made at an intersection of cross streets. Although *Trahan* states that the only types of turns discussed in Chapter 545 are those at intersections and when making a 180 degree turn on a curve or

---

1. Section 545.101 pertains to turning at an intersection. TEX.TRANSP.CODE ANN. § 545.101.

2. The transportation code defines "intersection" as the common area at the junction of two highways, other than the junction of an alley and a highway. TEX.TRANSP.CODE ANN. § 541.303.

3. In *Zeno*, the court of appeals found that Section 545.104 applied where the defendant made a ninety degree turn at a yield sign. *Zeno*, 44 S.W.3d at 712.

the crest of a grade, Section 545.103 specifically discusses *turning* a vehicle to enter a private road or driveway and *turning* the vehicle from a direct course. Thus, we construe Section 545.104 as applying to any of these turns.

Our construction of Section 545.104 is supported by consideration of former Section 68(a) of Article 6701d, which provided as follows:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. Except under conditions set out in Section 24(a) *no person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.* [Emphasis added].

Acts 1947, 50th Leg., R.S., ch. 421, 1947 TEX.GEN.LAWS 967, 979.

Under the former law, an operator was required to signal an intention to turn when moving right or left upon a roadway and when turning into a private road or driveway, and not only when turning at an intersection. When the Legislature codified the former law, it separated the requirement of making certain turns safely from the requirement of signaling an intention to turn. However, we see no indication in Sections 545.103 or 545.104 that the Legislature intended to change the law such that a person is now required to only signal a turn at intersections and when turning around near a curve or grade. If the Legislature had intended such a drastic change in the law, it would have specifically restricted the application of Section 545.104 to these circumstances rather than

stating broadly that a driver must "indicate an intention to turn."

Moreover, *Trahan* and *Zeno* may also be read as holding that Sections 545.103 and 545.104 are mutually exclusive. In our view, the provisions of Chapter 545 are not mutually exclusive but are complementary such that a driver has a duty to not only signal an intention to turn, he must also make his turn safely. These two requirements serve different goals and we find no intention on the part of the Legislature to render them mutually exclusive.

Under our construction of Section 545.104, Appellant was required to signal his intention to turn into the private driveway. Having failed to do so, he committed a traffic violation in the view of the arresting officer, and therefore, probable cause existed to support the stop. Finding no error, we overrule Appellant's sole issue and affirm the judgment of the trial court.