**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-50499
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LEON DASHANN BRATCHER,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-606-ALL**
_____

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leon Bratcher challenges the district court's ruling on his motion to suppress evidence in his appeal of count one of his jury conviction for possession with intent to distribute cocaine base. Bratcher argues that a police officer's initial stop of his vehicle violated the Fourth Amendment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Suppression hearing testimony indicates that a police officer stopped Bratcher's vehicle because Bratcher failed to use a turn signal when pulling out of a parking lot onto a street. Texas Transportation Code section 545.104 requires a driver to use a turn signal "to indicate an intention to turn, change lanes, or start from a parked position." Id.; see Krug v. State, 86 S.W.3d 764, 766 (Tex. App. 2001)("[b]y its plain language, Section 545.104 applies whenever the driver has an 'intention to turn'"). Because the officer had probable cause to believe that a traffic violation had occurred, the decision to stop the vehicle was reasonable and did not violate the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 810 (1996). The judgment of the district court is therefore **AFFIRMED**.