COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





RUBEN ESPINOZA,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-05-00241-CR

Appeal from
County Court at Law No. 4

of El Paso County, Texas

(TC # 20040C11960)




 

 

 




O P I N I O N

            Ruben Espinoza pled guilty to the offense of driving while intoxicated. The court assessed
punishment at 180 days’ confinement in the El Paso County Jail and imposed a fine of $500. At
issue is the denial of his motion to suppress. We affirm. 
FACTUAL SUMMARY
            At approximately 4:25 a.m. on June 19, 2004, Officer Carlos Enriquez was traveling on
Socorro Road when he discovered a white four-door Accord stopped partially in a dirt embankment
and partially in the parking lot of the Movie Galleria. The headlights were still illuminated. Upon
approaching the vehicle, Officer Enriquez noticed the driver was asleep behind the wheel. 
            Officer Enriquez attempted to wake Appellant. First, he used his fist to tap the window and
when Appellant did not awaken, the officer started knocking with his flashlight and yelling for
Appellant to wake up. Once Appellant awoke, Officer Enriquez opened the door and a strong odor
of alcohol emanated from inside. Appellant had his foot on the brake and the car was engaged in
“drive” gear. 
            Officer Enriquez asked for identification. Appellant was groggy, incoherent, and slurred his
speech. He fumbled through his wallet as he tried to find his driver’s license. The officer asked
Appellant to exit the vehicle and whether he knew exactly where he was. Appellant responded he
was a couple of blocks from Thirsty’s. Thirsty’s is a sports bar on the east side of town and not
nearby. Officer Enriquez told Appellant he was actually on Socorro Road. Appellant then said he
lived only a few blocks away and pointed towards Passmore Road. He admitted drinking a few beers
and agreed to take the standard field sobriety tests. Officer Enriquez administered the horizontal
gaze nystagmus test and Appellant displayed six out of six clues. In the walk-and-turn test,
Appellant displayed eight out of eight clues, and in the one-leg-stand test, he exhibited three out of
three clues. Due to his training and experience, Officer Enriquez determined Appellant was
intoxicated and arrested him. Appellant was provided with the Miranda warnings at the station
house. 
MOTION TO SUPPRESS
            In his sole issue for review, Appellant complains that the trial court erred in denying his
motion to suppress. He contends he was taken into custody once he exited the car because Officer
Enriquez had probable cause to arrest him and the officer testified that Appellant was not free to
leave.
Standard of Review
            We review a trial court’s ruling on a motion to suppress using the bifurcated standard of
review articulated in Guzman v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997). See Carmouche v.
State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref’d). Because at a suppression hearing the trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given to their testimony, we do not
engage in our own factual review. See State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000);
Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). Almost total deference is given to
the trial court’s ruling on questions of historical fact and application of law to fact questions that turn
on an evaluation of credibility and demeanor. Montanez v. State, 195 S.W.3d 101, 107
(Tex.Crim.App. 2006), citing Guzman, 955 S.W.2d at 89. A trial court’s rulings on mixed questions
of law and fact that do not turn on the credibility and demeanor of witnesses are reviewed under the
de novo standard. Id. Furthermore, when a trial court fails to file findings of fact, such as in this
case, we will view the evidence in the light most favorable to the trial court’s ruling. Ross, 32
S.W.3d at 855.
When was the defendant in custody?
            Appellant contends he was placed into custody after he was ordered to exit his vehicle
because Officer Enriquez possessed probable cause to arrest. Appellant argues there was probable
cause to arrest because he was asleep at the wheel, smelled of alcohol, fumbled his wallet, slurred
his speech, and appeared incoherent.
             A person is in “custody” only if, under the circumstances, a reasonable person would believe
that his freedom of movement was restrained to the degree associated with a formal arrest. Dowthitt
v. State, 931 S.W.2d 244, 254 (Tex.Crim.App. 1996). Once a suspect is in custody any statements
made during a custodial interrogation will not be admissible unless procedural safeguards were used
to secure the privilege of self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602,
1612, 16 L.Ed.2d 694 (1966). A custodial interrogation is one that is initiated by law enforcement
after a person has been taken into custody or otherwise deprived of his freedom of action in any
significant way. Id. 
            There are four general scenarios which may constitute custody: (1) when the suspect is
physically deprived of his freedom of action in any significant way, (2) when a law enforcement
officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that
would lead a reasonable person to believe that his freedom of movement has been significantly
restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave. Dowthitt, 931 S.W.2d at 255. Regarding the fourth situation, which
Appellant contends is applicable, an officer’s knowledge of probable cause must be manifested to
the suspect. Id. Whether an individual is in custody is based on objective circumstances. Berkemer
v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151-52, 82 L.Ed.2d 317 (1984); State v. Stevenson,
958 S.W.2d 824, 829 (Tex.Crim.App. 1997).
            In Berkemer, Trooper Williams stopped a vehicle he observed weaving in and out of a lane. 
Berkemer, 468 U.S. at 423. The suspect exited his vehicle, but was having difficulty standing. Id.
The officer concluded the suspect would be charged with a traffic offense but he never informed the
suspect that he would be taken into custody. Id. The suspect performed and failed a field sobriety
test. Id. Trooper Williams asked the suspect whether he had been using intoxicants and the suspect
admitted drinking two beers and smoking several joints of marijuana. Id. He was placed under
arrest. Id. The Supreme Court concluded that a single officer asking the suspect a modest number
of questions and asking him to perform a field sobriety test cannot be fairly characterized as the
functional equivalent of a formal arrest. Id. at 442. Although Trooper Williams apparently decided
the suspect would be placed into custody as soon as he stepped out of his vehicle, his intention was
never communicated to the suspect. Id. Thus, the suspect was not in custody for Miranda purposes
until the formal arrest. Id. 
            The Texas Court of Criminal Appeals adopted Berkemer in Stevenson. There, the officer
arrived on the scene of an accident to investigate. Stevenson, 958 S.W.2d at 825. He asked who was
driving and the defendant told him his wife was the driver. Id. Noticing that the wife’s injuries were
consistent with her being the passenger, the officer repeated his question. Id. The defendant then
admitted that he was the driver and he voluntarily submitted to field sobriety tests. Id. He was
arrested when he failed the tests. Id. The Court of Criminal Appeals found the officer’s
investigation to be no more intrusive than that in Berkemer since the officer merely asked questions
during a continuing investigation and administered field sobriety tests. Nothing in the record
suggested that the officer manifested to the defendant any intent to arrest him until he was actually
arrested. Id. at 829 n.7. These acts were not sufficient to establish custody under Miranda. Id. 
            Here, Officer Enriquez’s investigation was not intrusive. He questioned Appellant because
it appeared to him that Appellant had been in an accident. The accident investigation became a
DWI investigation after the officer discovered Appellant asleep at the wheel and smelling of alcohol. 
See id. Appellant admitted drinking a few beers. He voluntarily submitted to the sobriety tests and
he was not arrested until he failed them. These facts are insufficient to establish that Appellant was
taken into custody after he stepped out of his car. 
            Even assuming that Officer Enriquez possessed probable cause to arrest, the existence of
probable cause does not establish custody. See Berkemer, 468 U.S. at 442; Stevenson, 958 S.W.2d
at 829 n.7. An officer’s knowledge of probable cause must be manifested to the suspect. Dowthitt,
931 S.W.2d at 255. That didn’t happen here. Nor do we accept Appellant’s argument that he
should have been Mirandized at the scene because he was not free to leave. Detention for
investigatory purposes does not establish custody. See Stevenson, 958 S.W.2d at 829 (the mere fact
a defendant becomes the focus of a criminal investigation does not convert the investigation into an
arrest). We overrule the sole point and affirm the judgment of the trial court.

January 25, 2007                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)