COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MICHAEL CHAD BROWN,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00037-CR



Appeal from the


83rd District Court


of Pecos County, Texas 


(TC# 2665) 




O P I N I O N


 Michael Chad Brown, appeals from his conviction of aggravated robbery. Appellant
contends the trial court erred in: (1) failing to file findings of fact and conclusions of law in
accordance with Tex.Code Crim.Proc.Ann. art. 38.22, § 6; and (2) denying his motion to
suppress. We affirm.

 Mr. Brown was booked into the Pecos County jail on the charge of tampering with a
governmental record. While in custody, he was also questioned about an unrelated aggravated
robbery at a Subway restaurant in Fort Stockton, Texas. Appellant confessed to committing the
aggravated robbery at the Subway and signed a written confession. Appellant's trial counsel
filed a motion to suppress the confession. After a hearing, the trial court denied Appellant's
motion.

 Appellant pled guilty to the offenses of tampering with a government record and
aggravated robbery. In accordance with the plea agreement, the trial court assessed punishment
at 180 days' confinement for the tampering with a government record offense and ten years'
confinement and approximately $363 in restitution for the aggravated robbery offense. Appellant
timely filed his notice of appeal and the trial court certified his right of appeal.

Standard of Review

 We review a trial court's ruling on a motion to suppress using the bifurcated standard of
review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764,
765 (Tex.App.--El Paso 2002, pet. ref'd). We do not engage in our own factual review of the
trial court's decision because the trial judge is the sole trier of fact regarding credibility and
weight to be given to a witnesses testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 
2000). Almost total deference is given to the trial court's ruling on questions of historical fact
and application-of-law-to fact questions that turn on an evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). A trial court's rulings on mixed
questions of law and fact that do not turn on the credibility and demeanor of witnesses are
reviewed under the de novo standard. Johnson, 68 S.W.3d at 652-53.

 When a trial court fails to file findings of fact, such as in this case, we will view the
evidence in the light most favorable to the trial court's ruling. Ross, 32 S.W.3d at 855. As long
as the trial court's ruling is supported by the record, we will assume the trial court made implicit
findings of fact. Ross, 32 S.W.3d at 855. Furthermore, a court's ruling regarding a motion to
suppress should be upheld if the decision made was based on any correct theory of law applicable
to the case. Id. at 856.

 In Issue One, Mr. Brown argues the trial court erred in failing to file findings of fact and
conclusions of law regarding the voluntariness of his confession in accordance with Tex.Code
Crim.Proc.Ann. art. 38.22, § 6 (Vernon 2005). Mr. Brown asks that we abate this appeal until
such time as the trial court files its findings and conclusions.

 During the suppression hearing, the following exchanges took place between trial counsel
and the court:

 DEFENSE: Okay. Well, without getting into that issue, Mr. Brown,
were you made any promises of any help on your tampering
case or anything else?


 STATE: Judge, I'll object as irrelevant. The motion that was filed in
this case is strictly based on Sixth Amendment right of
counsel.


 DEFENSE: That's fine, Your Honor, I'll agree to it. I'll agree to it. 
Withdraw the question.


. . .



 DEFENSE: May I approach, Your Honor?


 COURT: Yes.


 DEFENSE: I don't know if the Court has had an opportunity to pull
those cases that I cited and here's the copies of those.

 I have no argument, Your Honor. Our basic premise is not
based on 38.22. We're not arguing with the Miranda provisions as
we set them out in our Criminal Code.

 The basic premise of our argument is based on just a Sixth
Amendment right to counsel where he can clearly show that prior
to this taking place, he had been questioned, he had been a suspect,
he had requested Court-appointed counsel, and he had gone
through all the steps that - that - that I feel that based on his Sixth
Amendment right to counsel, those have been violated, and I ask
that this Court deny the - or grant the motion to suppress the
statement in this matter.


At the suppression hearing, trial counsel clearly limited the issues to whether or not Mr. Brown's
Sixth Amendment right to counsel had been violated. Mr. Brown now attempts to raise an issue
that he specifically agreed to abandon during the hearing on his motion. However, "the law of
invited error estops a party from making an appellate error of an action it induced." Prystash v.
State, 3 S.W.3d 522, 531 (Tex.Crim.App. 1999). Under the doctrine of invited error, an accused
cannot induce error and later complain of that error on appeal. Id. Although he raised the
voluntariness of his confession in his motion to suppress, he specifically agreed to abandon that
issue at the suppression hearing. Accordingly, the trial court did not err in failing to file findings
of fact and conclusions of law. Issue One is overruled.

 In Issue Two, Mr. Brown argues the trial court erred in failing to suppress his written
statement because after he invoked his right to counsel under the Fifth Amendment (1) and Article
1, § 10, law enforcement officials reinitiated contact and obtained the confession. Again, we
point out that Mr. Brown limited the issues at the suppression hearing to whether a violation of
his Sixth Amendment right to counsel occurred. Mr. Brown now seeks to rely upon error he
induced. A party responsible for the court's action cannot then take advantage of that action by
claiming it as error on appeal. Prystash, 3 S.W.3d at 531. Issue Two is overruled.

 We affirm the trial court's judgment.



May 24, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Mr. Brown did not allege a Fifth Amendment violation in his motion to suppress nor
was it raised during the suppression hearing.