COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| KEVIN STANSBERRY, | | No. 08-06-00042-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20020D01621) |
| | § | |

## **O P I N I O N**

Kevin Stansberry appeals the denial of his pretrial motion to suppress. The trial court denied the motion on October 1, 2004. Appellant subsequently pled guilty to the offense of possession of child pornography Count 1 and the trial court sentenced him to three years' imprisonment. Appellant's sole issue for review is whether the court erred in denying Appellant's motion to suppress evidence. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

The focus of the motion to dismiss was the authority of an associate municipal court judge to issue the search warrants and whether the supporting affidavits established probable cause. Andre Poissant was called as a witness at the hearing. He testified that he is self-employed as an attorney practicing in El Paso and that he is also employed by the City of El Paso as an associate municipal court judge. Judge Poissant was duly appointed by the City Council and assigned to Municipal Court 5-B. Municipal Court 5-B consists of five elected municipal court judges and from five to eleven associate municipal court judges. Judge Poissant is not one of the elected municipal judges. He acted in his role as associate municipal judge on March 14, 2001.

Appellant introduced Defendant's Exhibits 1 and 2, each of which consisted of a search warrant, inventory, and return. Both exhibits were admitted without objection. Judge Poissant testified that he signed both warrants at the same time. He believed that he had the authority to issue search warrants under the Government Code for the City of El Paso. He administered the oath to Detective Bolick, who swore that the facts and statements contained within the affidavit were true and correct. The affidavit alleged that property existed at a specific location that could be used in the offense of sexual performance of a child and that simple possession of that property constituted a violation of the law. At the time Judge Poissant signed the warrant, he believed that sufficient probable cause existed.

## MOTION TO SUPPRESS

Appellant contends that the trial court should have granted his motion to suppress for the following reasons: (1) the individual who signed the search warrant was not a lawful magistrate under Texas law, (2) the affidavit in support of the warrant did not establish probable cause, and (3) the warrants were not obtained in a lawful manner both under the Fourth Amendment to the United States Constitution and under Texas law, including Article 38.23 of the Texas Code of Criminal Procedure.

### *Standard of Review*

We review a trial court's ruling on a motion to suppress using the bifurcated standard of review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997). *See Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); *Krug v. State,* 86 S.W.3d 764, 765 (Tex.App.-- El Paso 2002, pet. ref'd). Because the trial judge is the sole trier of fact regarding credibility and weight to be given to a witness's testimony, we do not engage in our own factual review of the trial court's decision. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); *Romero v. State*, 800

S.W.2d 539, 543 (Tex.Crim.App. 1990). We give almost total deference to the trial court's ruling on questions of historical fact and application of law to fact questions that turn on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 106 (Tex.Crim.App. 2006), *citing Guzman*, 955 S.W.2d at 89. A trial court's rulings on mixed questions of law and fact that do not turn on the credibility and demeanor of witnesses are reviewed *de novo. Id.*

*Authority of Associate Municipal Judge*

Appellant contends that although Judge Poissant is a municipal court judge, he is not a detached magistrate authorized to sign warrants in the State of Texas. In support of his argument, he directs us to *French v. State*[1] (addressing municipal judges in the City of Hurst) and *Germany v. State*[2] (addressing the tax collector in the City of Lubbock) which speak to the issue of *de jure* and *de facto* officers. These cases hold that two persons cannot simultaneously occupy an office for which the law provides only one incumbent. Appellant thus concludes that the search warrants here are void because they were not issued by a "magistrate" as required by TEX.CODE CRIM.PROC.ANN. art. 18.01 (a)(b)(Vernon Supp. 2008):

    (a)    A 'search warrant' is a written order, issued by a magistrate and directed to a peace officer, commanding him to search for any property or thing and to seize the same and bring it before such magistrate or commanding him to search for and photograph a child and to deliver to the magistrate any of the film exposed pursuant to the order.

    (b)    No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance.

The State counters that Sections 30.00006 and 30.00128 of the Texas Government Code specifically authorized Judge Poissant to issue the warrant. We agree. Section 30.00128 provides:

---

[1]  546 S.W.2d 612, 613-14 (Tex.Crim.App. 1977).

[2]  3 S.W.2d 798 (Tex.Crim.App. 1928).

(f)     The presiding municipal judge may . . . with the approval of the governing body of the city, divide a municipal court of record into one or more divisions. A division is presided over by an *associate municipal judge. A division has concurrent jurisdiction with the other divisions and municipal courts of record.* [Emphasis added].

TEX.GOV'T CODE ANN. § 30.00128 (Vernon 2004).

The State also relies upon the El Paso Municipal Code Section 2.44.010(D), which recites that "[e]ach municipal court shall be presided over by a municipal judge and one or more substitute associate judges." Section 2.44.030(C) then addresses the appointment of substitute associate municipal judges:

The city council may appoint one or more substitute associate municipal judges to sit for the regular judge of any municipal court when such regular judge is temporarily unable to act for any reason. *Such substitute associate municipal judge shall possess the same qualifications required of the regular municipal judges and shall have all the powers and duties of the judge for whom such substitute associate municipal judge is sitting while so acting.* [Emphasis added].

The qualifications of the regular municipal judges include Section 2.44.030(A):

In addition to the qualifications prescribed in the city Charter,[3] the presiding municipal judge shall be a licensed attorney at law who has practiced law in Texas at least five years prior to his or her election by a majority of the municipal judges.

Appellant does not dispute that Judge Poissant meets these qualifications.

The *French* decision is inapplicable inasmuch as there was no legislative authority for associate municipal judges in Hurst, Texas, at the time the opinion issued. We conclude that Judge Poissant, acting in his position as associate municipal court judge, held all the powers that the elected official municipal judge possessed, including the ability to issue a search warrant.

---

[3] The City Charter prescribes qualifications for office under Section 2.2(A)(3) of the El Paso Municipal Code:

Candidates for Municipal Judge shall have been City residents for the 12 months next preceding the election, licensed to practice law in Texas, and at least 21 years of age.

*Credibility of the Informant in the Affidavit*

Appellant next maintains that because the record does not contain proof as to the veracity of the informant, there is insufficient evidence within the four corners of the affidavit to establish probable cause. The State responds that Judge Poissant was entitled to rely on information supplied by private citizens, including the victim's mother, because private citizens are not as likely to provide false information.

The TEX.CODE CRIM.PROC.ANN. art. 18.01(b) states:

> No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

Judicial scrutiny of the sufficiency of an affidavit should not take the form of a *de novo* review. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 16 L.Ed. 527 (1983). We accord great deference to a determination of probable cause by a magistrate. *Id*. In *Gates*, the court reaffirmed the totality of the circumstances test. *Id.* at 238. Under the totality of the circumstances test, the magistrate makes a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* The reviewing court simply ensures that the magistrate had a substantial basis for ruling that probable cause existed. *Id.*

Information supplied to the magistrate may be hearsay. *Morris v. State*, 62 S.W.3d 817, 822 (Tex.App.--Waco 2001, no pet.), *citing Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). A magistrate is entitled to rely on information supplied by a private citizen because, unlike police informants, they are less likely to produce false or untrustworthy information.

*Id.* In *Morris*, the affidavit did not set forth facts establishing the informant's prior reliability in providing credible information to the police, however the court held that failure to allege prior reliability is not necessarily a fatal defect in the affidavit. 62 S.W.3d at 824, *citing Doescher v. State*, 578 S.W.2d 385, 388 (Tex.Crim.App. [Panel Op.] 1978).

As in *Morris*, the affidavits here do not contain facts establishing the informant's prior reliability in providing credible information to the police. The informant, the mother of the victim, gave her statement to Detective Bolick after discovering photos of her daughter at Appellant's residence. But the magistrate was entitled to rely on her statements; the lack of additional information regarding her credibility should not negate a finding of probable cause. The affiant's reliability is only part of the totality of the circumstances determination. We conclude that the lack of additional information supporting the informant's credibility did not invalidate the magistrate's issuance of a search warrant. Consequently, the trial court did not abuse its discretion in denying Appellant's motion to suppress on these grounds.

Finally, Appellant contends that the trial court should have granted his motion because the search warrants were based on photographs that were illegally removed by the informant. The State responds that a citizen who takes property while lawfully on the premises for the purpose of giving the property to the police as evidence is not committing theft. These arguments are based on Article 38.23(a) which states in relevant part:

> No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the state of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a)(Vernon 2005).

The facts surrounding the removal of the photographs from Appellant's possession are laid out in the affidavit supporting the search warrant issued by Judge Poissant:

> In the morning of 3-7-01, the complainant went to the home of suspected party Kevin Stansbery. She has known this party for years. The suspected party is a photographer and friend of the complainant. He has known the victim for years, has babysat her and knows her true age. He has been helping the victim start her modeling career. While she was at the home of the suspected party, he showed her photographs of a female model he had made. She recalled the suspected party telling her this model was fifteen years of age. As she looked at the photographs, she noted the model was wearing a red lace outfit. In some of the photographs, the complainant could plainly see the model's nipples and areola of her breasts. As she looked through these photographs, the suspected party left to shower. She continued to look through the photographs. When she finished she saw several loose pictures on a table in the room she was in. She noted that one was a photograph of a friend of hers that the suspected party had made. The picture under this was a photograph of the victim, fully clothed. When she picked up this photograph, she saw the one under was also of her daughter, however in the third photograph, the victim was nude. The complainant described the victim as sitting on the floor, with her legs to the side. Her upper body was turned facing the camera and her nude breasts were fully visible. Her legs were cocked shielding her pelvic area from the camera's view. The complainant took the photograph with her, and did not warn the suspected party of her discovery or intentions. This photograph was turned over to the reporting officer when the report was filed and tagged as evidence.

The Texas Court of Criminal Appeals has held that when a person who is not an officer or an agent of an officer takes property that is evidence of crime, without the effective consent of the owner and with the intent to turn over the property to an officer, the conduct may be non-criminal even though the person has the intent to deprive the owner. *Jenschke v. State*, 147 S.W.3d 398 (Tex.Crim.App. 2004). There, a girl told her parents that the defendant, a relative, had sexually assaulted her two weeks earlier. The parents decided to look in the defendant's truck for evidence. They went to the defendant's residence and used a hidden key to look inside of the locked truck. They found a box which contained a condom believed to have been used in the assault and an adult videotape. The parents did not immediately turn over the evidence to the police; they were unsure what to do because of their strong family ties and religious faith. Instead, the girl's mother informed the defendant's mother about the accusation. The defendant denied the allegations when confronted by his mother. Approximately one year later, the girl submitted to a polygraph examination and the polygrapher found she was telling the truth. Again, the defendant's family was informed of the polygraph results but they rejected it and would not allow the defendant to be examined. They also threatened the girl's family. After several more months passed, the girl's brother informed his parents that the defendant had also molested him. This new information had the effect of pushing the parents to take action regardless of family relations. They took the evidence to a private DNA lab rather than contacting law enforcement authorities. Upon learning that the girl's DNA was found on the outside of the condom and another DNA profile inside of it, the girl's parents contacted the district attorney more than two years after taking the evidence. The police obtained a search warrant for the defendant's blood, saliva, and hair. Subsequent testing established that the girl's DNA was present on the outside of the condom and the defendant's DNA was present inside of it. The defendant was indicted for aggravated sexual assault and his attorney filed a motion to suppress,

alleging that the parents committed burglary of a vehicle when they took the evidence from his truck. The Court of Criminal Appeals concluded that the evidence established the girl's parents did not take the property with the intent to turn it over to an officer. *Id.* at 402-03. Because their conduct constituted burglary of a vehicle, Article 38.23(a) required exclusion. *Id.* at 403. In so holding, the court distinguished two prior cases. *Id.* at 402. In both *Cobb v. State*[4] and *Stone v. State,*[5] the court had found the intent of the person who took the evidence was to turn it over to the police. *Jenschke*, 147 S.W.3d 398, 400. The records of both cases supported their intent. *Id.* However, the record in *Jenschke* supported the finding that the girl's parents did not take the defendant's property with intent to turn it over to an officer. *Id*. at 402.

Here, Appellant points to no evidence in the record demonstrating that it was not the mother's intention to turn the photographs over to an officer. She obtained the photographs from Appellant's home on March 7, 2001. Two days later, she filed a police report and gave the pictures to the reporting officer. We conclude that the trial court did not abuse its discretion in denying the motion on these grounds. Having found no abuse of discretion in the trial court's denial of the motion to suppress, we overrule the sole point and affirm the judgment below.

May 13, 2009

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)

ANN CRAWFORD McCLURE, Justice

---

[4] 85 S.W.3d. 258, 271 (Tex.Crim.App. 2002).

[5] 574 S.W.2d 85, 88-89 (Tex.Crim.App. 1978).