COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RAMON GUERRERO, | | No. 08-08-00286-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | Criminal District Court No. 1 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20070D05612) |
| | § | |

## **O P I N I O N**

Ramon Guerrero was charged by indictment with the felony offense of possession of marijuana. Appellant filed a motion to suppress evidence on December 21, 2007, but waived the hearing on May 8, 2008. The jury found Appellant guilty as charged and sentenced him to thirteen years' confinement in the Texas Department of Criminal Justice, Institutional Division, and assessed a $7,000 fine. For the reasons that follow, we affirm.

### FACTUAL BACKGROUND

On January 16, 2007, Appellant was driving a maroon Chevrolet Astro van eastbound on North Loop in El Paso, Texas. Deputy Beltran was also traveling eastbound. Beltran observed Appellant's van completely pass another vehicle in an active school zone and then make a right lane change. Beltran believed that passing in a school zone was a traffic offense. Driving a marked partol unit and wearing his uniform, Beltran conducted a traffic stop. On cross-examination, the officer testified that the area was not a "no passing" zone, although at the time of the traffic stop, he believed it was.

Beltran approached the van and asked Appellant for his license and insurance. Appellant

replied that he did not have a driver's license or insurance, but he produced a Texas identification card. Appellant's hands were shaking. There were cardboard boxes in the back of the van and a very strong odor of marijuana emanated from the driver-side window. Beltran returned to his patrol unit to conduct a warrant check. Dispatch advised that Appellant had three outstanding warrants and a suspended driver's license. While Beltran was awaiting confirmation of the warrants, he returned to the van and confronted Appellant about the outstanding warrants and suspended license. Appellant admitted to the suspended license, but stated that the warrants probably belonged to his son. After receiving confirmation that the warrants were valid, Beltran placed Appellant under arrest.

Beltran then requested assistance from a K-9 handler. U.S. Border Patrol Supervisory Agent Gilberto Almanza responded with his certified drug-detection dog, Pony. Pony immediately alerted to the rear doors of the van. Beltran opened the van and observed several cardboard boxes. He then opened one of the boxes and found several bundles of a green, leafy material that he recognized as marijuana. Beltran returned to his patrol unit and advised Appellant that he was also under arrest for possession of marijuana.

## MOTION TO SUPPRESS

In his sole Point of Error, Appellant complains that the marijuana should have been suppressed as the product of an unlawful detention. He alleges violation of his Fourth and Fourteenth Amendment rights under the United States Constitution and Article 1, section 9 of the Texas Constitution. Specifically, Appellant contends the initial warrantless arrest was effected without probable cause and does not fall within the exceptions to the requirement of a warrant.

### Standard of Review

We review a trial court's ruling on a motion to suppress using the bifurcated standard of

review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997). *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); *Krug v. State*, 86 S.W.3d 764, 765 (Tex.App.-- El Paso 2002, pet. ref'd). Because the trial judge is the sole trier of fact regarding the credibility of and the weight to be given to a witness's testimony, we do not engage in our own factual review of the trial court's decision. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). Almost total deference is given to the trial court's ruling on questions of historical fact and application of law to fact questions that turn on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 106 (Tex.Crim.App. 2006), *citing Guzman*, 955 S.W.2d at 89. A trial court's rulings on mixed questions of law and fact that do not turn on the credibility and demeanor of witnesses are reviewed *de novo*. *Id*.

### Initial Stop Lawful

A law enforcement officer may lawfully stop a motorist who commits a traffic violation in the officer's presence. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992). The decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000). There are two inquiries when determining the reasonableness of an investigative detention: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place. *See Terry v. Ohio*, 392 U.S. 1, 18-19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). Appellant challenges the first prong of *Terry* regarding the initial detention.

Beltran watched Appellant completely pass another vehicle while in an active school zone which he believed to be a "no-passing" zone. The El Paso Municipal Code supports Beltran's belief. El Paso Municipal Code Section 12.28.020 provides for "School crossing zones." It provides that

school crossing zones shall be appropriately marked by traffic control signs or devices, indicating that school is in session, and the *prima facie* speed limit within the school crossing zone. EL PASO MUNICIPAL CODE § 12.28.020(B). State's Exhibit 2, admitted into evidence, depicts such a traffic control sign marking the area of the stop as a school crossing zone. When a school crossing zone is in force, no vehicle shall pass any other vehicle proceeding in the same direction while in the school crossing zone. EL PASO MUNICIPAL CODE § 12.28.020(E). Beltran testified the school zone was "active" when Appellant passed another vehicle. Violation of Section 12.28.020 is a misdemeanor offense in accordance with Section 12.84.010 of the El Paso Municipal Code. Therefore, Beltran was authorized to arrest Appellant, or least detain him for further investigation. TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 2005); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992). We conclude the officer's actions in stopping and detaining Appellant were justified at their inception. *See Terry v. Ohio*, 392 U.S. at 18-19, 88 S.Ct. at 1878. We overrule the sole point and affirm the judgment of the trial court.

May 28, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)