COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 


 
 
 THE STATE OF TEXAS,
  
                             Appellant,
  
 v.
  
  
 ANTHONY
 DURAN,
  
                             Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
                                     
 No. 08-10-00365-CR
  
 Appeal from the
  
 County Court at Law No. 7
  
 of El Paso County, Texas 
  
 (TC# 20090C13525) 
  
 
 


 

O P I N I O N

 

            The State
appeals, challenging the trial court’s suppression of evidence resulting from a traffic stop.  Reversed
and remanded.

BACKGROUND

            On December
13, 2009, at approximately 2:35 a.m., Officer Gabriel Candi,
a nine-year veteran of the El Paso Police Department, and his partner, Officer
Wells, were responding to a domestic call.  Officer Candi had
not activated his emergency lights at that time.  He was aware that the speed limit for the
road on which he was traveling was 45 miles per hour, but he was not aware of
how exactly fast he was going.  As the
officers were responding to the call, they encountered Appellee driving toward
their patrol car in his vehicle.  The
light was green for both directions as the two vehicles approached the
intersection of Zaragoza and Saul Kleinfeld Streets
in El Paso, Texas. Appellee made a left turn in front of Officer Candi’s patrol car. 
Officer Candi believed that Appellee had
failed to yield the right-of-way to Officer Candi as
the two vehicles entered the intersection because he had to decelerate by using
his vehicle’s brakes.  As a result, Officer
Candi made a right turn from the far left lane of the
roadway on which he was traveling and began following Appellee.  Officer Candi
testified that he then observed Appellee’s vehicle cross the double yellow
line, although there was no oncoming traffic at the time.  Officer Candi
activated his emergency lights and conducted a traffic stop on Appellee’s
vehicle.

            Officer Candi decided that he would conduct a traffic stop on
Appellee’s vehicle as a result of his subjective belief that Appellee had
failed to yield the right-of-way when he made the left turn in front of Officer
Candi, and his objective observation of Appellee
crossing the double yellow line into oncoming traffic.  Officer Candi was
the State’s only witness.

The defense called Mr. Roy Davis as a
witness.  Mr. Davis testified that he had
retired from the El Paso Police Department after having served for more than twenty
years and was now working as a private investigator.  He also testified, without objection, that he
had reviewed the video of the traffic stop and determined that Appellee had not
failed to yield the right-of-way to Officer Candi.  Mr. Davis stated that a person traveling above
the speed limit is presumed to lose the right-of-way to other traffic.  He noted that a police officer is permitted
to exceed the speed limit as long as he can do so in a safe manner.  Mr. Davis told the trial court that “[u]sing
fixed objects, as viewed in the video, as well as the fixed object on the car”
he was able to determine that Officer Candi was
traveling at 60.5 miles per hour at the time that Appellee made his left turn.  Mr. Davis further testified that, in his
opinion, Officer Candi made the decision to stop
Appellee’s vehicle “when he made the turn behind the defendant” and that when
Officer Candi made his right turn behind Appellee, he
did not have “sufficient articulable facts on which to base a Terry[1] stop.”  Mr. Davis offered his opinion as to the
reasons that Appellee crossed the double yellow line, specifically that Appellee
would have been concerned and “probably focused” on his mirror or looking over
his shoulder because he realized that he had just made a left turn in front of
a police vehicle and his attention was focused on what was going on behind him.

On cross-examination, Mr. Davis
stated that driving to the left of a double yellow line was a violation of
Texas law, and that Appellee’s tires did cross the double yellow line.[2]
 Finally, Mr. Davis testified that an
officer’s observation of a vehicle crossing the double yellow line would
constitute reasonable suspicion for the officer to conduct a traffic stop.

The trial court granted the motion to
suppress evidence filed by Appellee.  The
State appeals and presents one issue for our review.  The State contends that the trial court erred
by granting the motion to suppress in light of the objective evidence
establishing Appellee’s commission of a traffic violation, regardless of the
subjective motivation of the officer in making the stop.

ANALYSIS

We review a trial court’s ruling on a
motion to suppress evidence under a bifurcated standard.  St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App.
2007); Amador v. State, 221 S.W.3d
666, 673 (Tex.Crim.App. 2007).  We do not engage in our own factual review as
the trial judge is the sole trier of fact and judge of credibility of the
witnesses and the weight to be given to their testimony.  Amador v. State, 275 S.W.3d 872, 878 (Tex.Crim.App.
2009); Wiede v. State, 214 S.W.3d 17, 24-5 (Tex.Crim.App. 2007). 
Rather, we give almost total deference to a trial court’s determination
of historical facts, particularly when the trial court’s findings are based on
an evaluation of credibility and demeanor. 
St. George,
237 S.W.3d at 725; Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997).  The same deference is afforded a trial
court’s rulings on application-of-law-to-fact questions.  Guzman,
955 S.W.2d at 89. 
However, we review de novo the
application of legal principles to a specific set of facts, including the trial
court’s determination of reasonable suspicion and probable cause.  State v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App.
2008); Guzman, 955 S.W.2d at 87.  The determination of whether reasonable
suspicion exists is a mixed question of law and fact. Guzman, 955 S.W.2d at 87.  Our review of such an issue defers to the
trial court when resolution of the ultimate question turns on an evaluation of
credibility and demeanor, but otherwise is conducted de novo.  Hereford v. State, 339 S.W.3d
111, 118 (Tex.Crim.App. 2011)
 A reasonable suspicion sufficient to
justify the detention of an individual exists when the investigating officer is
aware of “specific articulable facts that, when combined with rational
inferences from those facts, would lead him to reasonably suspect that a
particular person has engaged, or is (or soon will be) engaging in criminal
activity.”  Garcia
v. State, 43 S.W.3d 527, 530 (Tex.Crim.App.
2001).  This standard disregards
the subjective intent or motive of the officer, and limits the inquiry to the
objective justification for the detention. 
State v. Elias, 339 S.W.3d 667, 674 (Tex.Crim.App. 2011). 
Whether or not an officer has reasonable suspicion to detain an
individual for further investigation is determined from the facts and
circumstances known to the officer at the time of the detention, see Crain
v. State, 315 S.W.3d 43, 48-9 (Tex.Crim.App.
2010), and is based on the totality of the circumstances.  Ford v. State, 158 S.W.3d 488, 492-93 (Tex.Crim.App. 2005).
 A traffic violation committed in an
officer’s presence authorizes an initial stop.  See Armitage v. State, 637 S.W.2d 936, 939 (Tex.Crim.App. 1982).

If the losing party to a motion to suppress
evidence so requests, the trial court shall state its essential findings.  State v. Cullen, 195
S.W.3d 696, 699 (Tex.Crim.App. 2006).  “[E]ssential
findings” are “findings of fact and conclusions of law adequate to provide an
appellate court with a basis upon which to review the trial court's application
of the law to the facts.”  Id.  This requirement assures that our resolution
of the suppression issue “is based on the reality of what happened” in the
trial court.  Id. at 698.  When the
trial court makes express findings of fact and conclusions of law, the
reviewing court will defer to those findings, so long as they are supported by
the record.  Guzman, 955 S.W.2d at 89.

Here, the State requested that the
trial court make findings of fact and conclusions of law. The trial court
issued the following Findings of Fact and Conclusions of Law that it apparently
deemed dispositive of the issues raised in the motion to suppress:

 

1.                 
On December 18,
2009, at approximately 2:35 a.m., Officer Candia [sic] was dispatched to an
assault family violence call.

 

2.                 
Assault family
violence calls range in severity and might well involve serious risk and
danger. 

 

3.                 
Officer Candia
[sic] obviously considered the call to be quite serious because, according to
the uncontested testimony of the Defendant’s expert witness and the videotape,
he was driving about 15 mph over the speed limit and went through a red light.

 

4.                 
The Defendant,
traveling in the opposite direction, then made a left turn in front of Officer
Candia [sic]. The Defendant had more than enough room to make the turn and
committed no traffic violation in doing so.

 

5.                 
Officer Candia
[sic] had not activated his emergency lights when the Defendant made his lawful
turn.

 

6.                 
Officer Candia
[sic] then chose to abandon the assault family violence call.  He made a right turn from the far left lane
in order to get behind the Defendant and pull him over.

 

7.                 
After the
Defendant made his left turn, his tires briefly drifted over the center
stripe.  There was no oncoming traffic
and no danger associated with that event.

 

8.                 
The Court finds
that Officer Candia [sic] most probably did not even see the center stripe
violation because he did not mention it in his report.

 

9.                 
In any event, the
center stripe violation played no part in Officer Candia’s [sic] decision to
stop the Defendant.

 

10.             
The Court finds
it to be totally beyond all credibility to assume that an officer, while
speeding and running red lights to respond to an assault family violence call,
would abandon that call, turn right from the far left lane and pull up behind a
driver (who at that time committed no infractions) just to see if he might then
commit one.

 

11.             
The Court finds
that Officer Candia [sic] made a clear and unconditional decision to stop the
Defendant solely on the basis of what Officer Candia [sic] erroneously believed
to be an unlawful left turn.  This is
what Officer Candia [sic] wrote in his report (which made no mention of any
center stripe violation) and is the only scenario which could conceivably
justify abandoning an assault family violence call.

 

12.             
Officer Candia
[sic] was wrong in his opinion about the Defendant’s turn.  The turn was not unlawful in any
respect.  Indeed, the State admits that
Defendant’s turn was lawful (State’s proposed Conclusions of Law #2).

 

 

In its Conclusions of Law, the trial
court held that Officer Candi made the stop of

Appellee solely on the basis of the left turn made by Appellee
and that because Officer Candi was unable to
articulate specific facts to justify the stop, the stop was unreasonable.  In effect, the trial court determined that
Officer Candi did not have a reasonable suspicion to stop
Appellee, a conclusion we review de novo unless the trial court’s determination turned on the credibility and
demeanor of the witnesses.  See Hereford, 339 S.W.3d at 118.

            Fully
two-thirds of the trial court’s fact findings focus on Officer Candi’s subjective justification for stopping Appellee
rather than whether the objective facts would have justified an officer in Candi’s shoes in stopping Appellee.  Those findings have no bearing on the
objective justification for the stop.  See Elias,
339 S.W.3d at 674.

            Three of the
trial court’s findings of fact are relevant to the objective justification for
Officer Candi’s stop of Appellee.  They are Findings Seven through Nine.  We examine each in turn.

            Finding of
Fact Seven states “[a]fter the Defendant made his
left turn, his tires briefly drifted over the center stripe.  There was no oncoming traffic and no danger
associated with that event.”  The first
sentence of the finding clearly indicates that Appellee committed a traffic
violation because the trial court found that “his [Appellee’s] tires briefly
drifted over the center stripe.”  See Tex.Transp.Code Ann. § 545.051 (West 2011)(an operator shall drive on the right half of the roadway).
 The second sentence of the finding is
not relevant to the determination of whether a traffic violation occurred
inasmuch as nothing in Section 545.051 justifies driving to the left of the
double yellow line on the basis of oncoming traffic or whether there was danger
associated with driving to the left of the double yellow line.

Finding of Fact Eight states “[t]he
Court finds that Officer Candia [sic] most
probably did not even see the center stripe violation because he did
not mention it in his report.”  [Emphasis
added].  In practical effect, the
qualifier “most probably” renders this fact finding meaningless because Officer
Candi testified that he observed Appellee’s vehicle
cross the double yellow line, and the only objective evidence, State’s Exhibit
1, clearly shows Appellee’s vehicle crossing the double yellow line.  An offense was obviously committed in Officer Candi’s presence.  See
Armitage v. State, 637
S.W.2d 936, 939 (Tex.Crim.App. 1982);
Krug v. State, 86 S.W.3d 764,
765 (Tex.App.--El Paso 2002, pet. ref’d).  In addition, the trial court found that
Officer Candi most probably did not see the violation
because “he did not mention it in his report.” 
However, the record does not support this finding because no such report
is a part of the record.  See Guzman, 955 S.W.2d at 89 (reviewing
court will give almost total deference to trial court’s determination of
historical facts which are supported by the record).  Absent support of a historical fact in the
record, no deference is owed under this standard.

            Finding of
Fact Nine states “[i]n any event, the center stripe
violation played no part in Officer Candia’s [sic] decision to stop the
Defendant.”  To the extent that this
finding is based on the trial court’s evaluation of Officer Candi’s
credibility and demeanor, we are obligated to give the finding “almost total
deference.”  See St. George, 237 S.W.3d at 725; Guzman,
955 S.W.2d at 89.  We provide the same
amount of deference to the trial court’s ruling on the application of law to
fact questions, also known as mixed questions of law and fact, if the resolution of those questions turn on an evaluation of credibility
and demeanor.  Guzman, 955 S.W.2d at 89.  However, the
standard of review is de novo for
mixed questions of law and fact not falling in that category.  Id.  Because Officer Candi’s
testimony that he observed the violation is supported by the recording of the
event, the trial court’s finding does not turn on an evaluation of credibility
and demeanor.  Rather, it turns on
objective evidence, the recording.

            We do not
disregard the trial court’s other findings, such as Finding of Fact Ten where
the trial court found it to be “totally beyond all credibility to assume that
an officer, while speeding and running red lights to respond to an assault
family violence call, would abandon that call, turn right from the far left
lane and pull up behind a driver (who at that time committed no infractions)
just to see if he might then commit one.”  However, findings such as this, similar to the
other Findings of Fact made by the trial court, relate to the subjective intent
of the officer in making the stop, which we have already determined not to be the
appropriate standard.  The question is
not why did the officer stop Appellant.[3]  Rather, the question is whether there was an
objective justification for the stop.

In our view, the trial court erred by
applying a subjective standard in its ruling that Officer Candi’s
stop of Appellee was not supported by specific, articulable facts.  Because the proper standard disregards the
subjective intent or motive of the officer, and limits the inquiry to the objective
justification for the detention, the trial court’s ruling was in error.  See
Elias, 339 S.W.3d at 674.  The DVD recording provides an objective
justification for the stop.  As a result,
notwithstanding Officer Candi’s subjective reasons
for effectuating the stop, he had a reasonable suspicion to stop Appellee.[4]

CONCLUSION

            Having
sustained the State’s sole issue, the order granting Appellee’s motion to
suppress is reversed, and the case is remanded for further proceedings
consistent with this opinion.

 

March 21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera,
and Antcliff, JJ.

 

(Do Not Publish)











[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

 





[2] See Tex.Transp.Code Ann. § 545.051 (West 2011).





[3] It matters not that
Officer Candi abandoned the assault family violence
call.  Nor does it matter when Officer Candi made the decision to stop Appellee or that Appellee’s
left turn was a legal turn.  It matters
not that Officer Candi turned from the far left lane
to follow Appellee.  The fact remains
that a traffic violation, however slight, was committed in his presence, and
provided an objective justification for the stop.  See Tex.Transp.Code Ann. § 545.051; Armitage, 637
S.W.2d at 939; Krug, 86 S.W.3d at 765.

 





[4] In reaching this
conclusion, the Court notes that it watched those portions of the DVD recording
related to the justification for the stop.